Commonwealth of Pennsylvania, Plaintiff *v.* Gilpin Township, Armstrong County et al., Defendants.

Argued May 5, 1980, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Zelda Curtiss*, Assistant Attorney General, with her *Thomas Y. Au*, Assistant Attorney General, for plaintiff.

*Timothy J. Geary*, for defendants.

OPINION BY JUDGE MENCER, June 27, 1980:

The Department of Environmental Resources (DER) has filed a complaint in equity naming as defendants Gilpin Township, its supervisors, Gilpin Township Sewage Authority, and its members. The complaint alleges that Gilpin Township has no community sewage treatment system and that malfunctioning on-lot sewage systems pollute the streams and create a nuisance.

Defendants filed an answer and new matter to the complaint. Paragraphs 54-64 of defendants' new mat-

ter allege that the objectives of The Clean Streams Law[1] and the Pennsylvania Sewage Facilities Act[2] require DER to reclaim or plan to reclaim the Kiski River into which Gilpin Township's streams flow. Therefore, defendants allege, in the absence of such a plan, ordering Gilpin Township to abate its sewage nuisance is an abuse of discretion. DER filed preliminary objections to paragraphs 54-64 of defendants' new matter.[3]

The background for this litigation can be briefly stated.

On January 15, 1971, Gilpin Township adopted the Armstrong County Sewer and Water Plan as its official plan, pursuant to Section 5(a) of the Pennsylvania Sewage Facilities Act, 35 P.S. §750.5(a). The official plan provides that, within 10 years, Gilpin Township will provide sanitary sewage service to a regional sewage treatment plant.

Accordingly, the Kiski Valley Water Pollution Control Authority (Kiski) was formed by 13 area municipalities, including Gilpin Township, to construct and operate a regional sewage treatment plant. Under a service agreement, dated July 1, 1973, between Kiski and the 13 municipalities, the member municipalities agreed to connect their sewer lines to the Kiski disposal system.

Gilpin Township Sewage Authority, a municipal authority formed to assume responsibilities for sew-

---

[1] Act of June 22, 1937, P.L. 1987, *as amended*, 35 P.S. §691.1 et seq.

[2] Act of January 24, 1966, P.L. (1965) 1535, *as amended*, 35 P.S. §750.1 et seq.

[3] The time necessary to dispose of these preliminary objections would suggest that DER may have been well advised to refrain from filing them and instead to have made objections at trial to the presentation of evidence to support those allegations of defendants' new matter which are here challenged.

age treatment in Gilpin Township, submitted an application involving a complete sewer and pump system to DER for a Pennsylvania water quality management permit. On December 13, 1974, DER issued Permit No. 0374405 to the Gilpin Township Sewage Authority. Gilpin Township sought and received, on September 27, 1977, from the Environmental Protection Agency, a construction grant which would provide 75 percent of eligible sewer construction costs in accordance with Gilpin's permit.

On September 12, 1978, DER issued an order to Gilpin Township and the Gilpin Township Sewer Authority to construct the sewers in accordance with its official plan and the water quality management permit. The system has not been built to date. The funds for the system are still available.

We are of the view that the present preliminary objections filed by DER must be sustained. DER's complaint seeks to abate an alleged nuisance, pursuant to the provisions of The Clean Streams Law. In defense of this action, it is asserted, in the challenged paragraphs of the new matter, that DER has abused its discretion by ordering Gilpin Township to abate its sewage nuisance when the river, into which Gilpin Township's streams flow and into which effluent empties, is allegedly polluted from other sources.

A total refutation of defendants' contention in this regard is found in Section 606 of The Clean Streams Law, 35 P.S. §691.606, which provides:

Nothing contained in the laws of the Commonwealth shall estop the board from proceeding under the provisions of this act against any particular municipality or person discharging sewage or industrial waste or other noxious or deleterious substance into the waters of the Commonwealth even though said waters are, at the time, polluted from other sources.

418

Accordingly, we make the following

ORDER

Now, this 27th day of June, 1980, the preliminary objections filed by the Department of Environmental Resources to paragraphs 54-65 of defendants' new matter are hereby sustained, and said paragraphs are stricken from defendants' new matter.